UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────X

JOSEPH F. KENNEDY,

        Plaintiff,

  -against-                                 MEMORANDUM
                                              AND ORDER
COUNTRY OF VENEZUELA;.                   05-CV-3539 (CBA)
COUNTRY OF UZBEKISTAN,

        Defendants.
──────────────────────────────────────X

AMON, United States District Judge:

    Plaintiff, a resident of Staten Island, New York, files this *pro se* action alleging defendant violated his rights and seeking "all lands, all real estate, all real property, and all air rights" of the countries of Uzbekistan and Venezuela. Complaint at p. 8. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C § 1915 solely for the purpose of this Order, but the complaint is dismissed for the following reasons.

### Standard of Review

    Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

1

**Discussion**

Paragraph four of plaintiff's complaint lists a litany of abuses he has suffered over his lifetime including, *inter alia,* rape, extortion, wrongful convictions, torture, divorce, attempted murder, erroneous child custody determinations, involuntary commitment, no heat in prison, eviction from homeless shelters, and loss of jobs. Some of these abuses are elaborated upon in subsequent paragraphs, and include allegations such as: (1) "When Plaintiff's daughter was born, Uzbekistan Government kidnaped her from the hospital and conducted experiment of her by making surgery like a Nazi on 4-26-86," complaint at ¶ 17; (2) "On March, 1997 at Flint City MI, Plaintiff's ex-wife Irina did try to kill plaintiff with the knife, she was arrested but a criminal case was dismissed. Plaintiff want to know why?" id. at ¶ 25; (3) "At Lexington City, Kentaky [sic] fed[eral] prison on 2000 year plaintiff had very hard time in the cell with Venezuela's country informer, who was gay and was telling to the plaintiff that he must have sex with plaintiff because president of Venezueala did promise him to cut his jail time." Id. at ¶ 28. Several other paragraphs of the complaint are dedicated to: allegations of extortion and drug dealing by Islam Karimov, the President of Uzbekistan, id. at ¶¶ 5-7, disputing criminal charges concerning bank fraud, id. at ¶¶ 9-12; and difficulties obtaining passports for himself (in the United States), his brother (in Uzbekistan) and his daughters (in Israel). Id. at ¶¶ 13-16, 18. Plaintiff alleges that he files this action "to feed Uzbekistan's hungry people. Plaintiff owner of non-profit organization and he needs no money or any property for himself only for the his [sic] non-profit organization." Id. at p. 8.

Plaintiff's complaint is dismissed as the facts alleged are "irrational or wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). As the Supreme Court has

recognized, a complaint is frivolous when it embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. at 325. The Court has considered plaintiff's complaint and declines to afford plaintiff leave to amend as amendment would be futile. Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000).

## Conclusion

Plaintiff's complaint is dismissed as frivolous. 28 U.S.C. § 1915 (e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                     CAROL BAGLEY AMON
                                                     United States District Judge

Dated: Brooklyn, New York
        August 1, 2005